RICHARD S. DOYLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 663. Promulgated July 17, 1944.

*Richard S. Doyle, Esq.*, and *Stanley Worth, Esq.*, for the petitioner. *Philip A. Bayer, Esq.*, for the respondent.

OPINION.

STERNHAGEN, *Judge*: The only question is whether the taxpayer's gross income for 1938 includes the $20,955.61 which was the total of the net amounts received by his wife and sons in the distribution to them of their respective "interest in the proceeds of the judgment obtained and collected in the case of *Briggs & Turivas* v. *United States.*" The Commissioner in determining the deficiency included this amount, with the explanation:

Income received by your wife, Anne C. Doyle, and by your sons, Samuel C. Doyle and Willis S. Doyle, upon liquidation of the interests in the Briggs and Turivas suit theretofore assigned to them by you is included in your income for the reason that the assignments in question are deemed to have constituted anticipatory assignments of income taxable to you under the provisions of Section 22 (a) of the Revenue Act of 1938.

This the taxpayer assails on the theory that, since gifts had been made to his wife and sons of fractional parts of his interest in the Young syndicate, the amounts which were thereafter received by them in the distribution of the syndicate were their capital assets, and the gain was taxable to them and not to him. The taxpayer contends that by the gifts he transferred property, namely, interests in the syndicate, and not mere rights to receive income in the future, and that the doctrine of no escape from income tax by anticipatory assignment is not applicable to him. There is no question as to the validity of the gifts, but only as to the character of their subject matter under the income tax law, for if they were gifts of income-producing property, and not of rights merely to receive income if and when produced, the income from the property given is taxable to the donee and not to the donor. *Blair* v. *Commissioner*, 300 U. S. 5.

What the taxpayer gave to each of the donees was in terms a percentage of his fractional interest in the Young syndicate, and the Young syndicate had Friedeberg's former interest in the agreement of December 11, 1919, with Briggs & Turivas, including his right against Briggs & Turivas for a share "of any recovery" of Briggs & Turivas in the Court of Claims suit against the United States. The group of which Friedeberg was a member had no "property" other than an in-

terest in the results of a cause of action against the United States for damages for breach of contract by the Emergency Fleet Corporation, i. e., the failure of that corporation to deliver to Briggs & Turivas the materials purchased by Briggs & Turivas by its contract of December 11, 1919. Thus, when the taxpayer in his instruments of gift in 1937 and 1938 said that he was assigning an interest in the "property" owned by the Young syndicate, he could only mean, and the instrument could only be read as meaning, that he was assigning a portion of whatever net amount would be recovered from the United States by Briggs & Turivas and, after expenses, was distributable to those who, by reason of the 1919 four-party agreement or by mesne assignments, were entitled to distributive shares. While it is not incorrect to speak of this as "property," it is still but a contractual expectancy of gain to be derived when the interest is reduced to cash by the distribution of the net proceeds of the judgment. It was not even a gift of an interest in the judgment, for at no time did Briggs & Turivas attempt to assign any part of its cause of action or the judgment against the United States. We can see no escape from the proposition that the taxpayer never owned, and therefore never transferred to his wife and sons, anything but an interest in a possible future gain to be derived from the realization of proceeds of a judgment against the United States for its breach of contract. Hence, it is not important to consider whether such an interest may be called property, for even so it is still an interest in future income.

Before the taxpayer assigned any part of his interest, the gain that he was expecting to derive from his investment of $928.75 was practically assured. The judgment in favor of Briggs & Turivas had been rendered by the Court of Claims, and the United States Supreme Court had on October 11, 1937, denied certiorari, so the judgment had become final, and only an appropriation by Congress was needed to supply certainty to the probability of receipt. At this stage the taxpayer had a fractional interest in the future net proceeds of a judgment which had become final, the amount of which was fixed, and about which there was nothing to engender doubt. There is no reason to suppose, as the taxpayer suggests, that before the appropriation by Congress and the approval by the President there was uncertainty in the probability of payment or its amount. It was fair to assume that the normal machinery would operate to produce payment of such a judgment, unless there were circumstances to the contrary.

In *Harrison* v. *Schaffner*, 312 U. S. 579, the taxpayer, being the life beneficiary of a trust, assigned to her children specified amounts in dollars from the income of the trust for the year following the assignment. The taxpayer was held taxable in that year upon the assigned amount of income. The Court thought that, unlike the situation in *Blair* v. *Commissioner*, 300 U. S. 5, it could not be said:

that the beneficiary of a trust who makes a single gift of a sum of money payable out of the income of the trust does not realize income when the gift is effectuated by payment, or that he escapes the tax by attempting to clothe the transaction in the guise of a transfer of trust property rather than the transfer of income where that is its obvious purpose and effect. We think that the gift by a beneficiary of a trust of some part of the income derived from the trust property for the period of a day, a month or a year involves no such substantial disposition of the trust property as to camouflage the reality that he is enjoying the benefit of the income from the trust of which he continues to be the beneficiary, quite as much as he enjoys the benefits of interest or wages which he gives away as in the *Horst* and *Eubank* cases.

Although the *Schaffner* and *Blair* cases both dealt with periodic income from a trust fund, we can see no difference in principle in a case where the taxpayer assigned part of an interest in the proceeds of a judgment with the effect of assigning by anticipation the gain which the proceeds when realized would include. Both cases involved the assignment of future income expected by the taxpayer, one a single payment of income from a trust fund and the other a single payment of the gain (a different sort of income) embraced in the realization of the proceeds of an investment.

Since for the reason stated the entire $20,955.61 received by the taxpayer's wife and sons is properly included in his gross income, it is unnecessary to consider the Commissioner's alternative contention that the taxpayer's gross income must include the amount or a part of it because it was to be used for the children's education and to some extent was in fact so used.

The Commissioner's determination is sustained, and

*Decision will be entered for the respondent.*