## OVERTON v. COMMISSIONER OF INTERNAL REVENUE.
## OLIPHANT v. SAME.

Nos. 197, 198, Dockets 20326 and 20327.

Circuit Court of Appeals, Second Circuit.
June 13, 1947.

Frank W. Chambers and Walter E. Warner, Jr., both of New York City, for petitioners.

Sewall Key, Acting Asst. Atty. Gen., Helen R. Carloss and Harry Baum, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

SWAN, Circuit Judge.

These appeals involve gift tax liability of petitioner Overton for the years 1936 and 1937 and income tax liability of petitioner Oliphant for the year 1941. Each petitioner was held liable on the theory that dividends received by his wife in the year in question on stock registered in her name on the books of Castle & Overton, Inc., a New York corporation, were income of the husband for tax purposes. No gift tax return with respect to such dividends was filed by Mr. Overton in 1936 or 1937, and the dividends received by Mrs. Oliphant in 1941 were not included in her husband's return for that year.

There is no dispute as to the evidentiary facts. They are stated in detail in the opinion of the Tax Court, 6 T.C. 304, and will be here repeated only so far as may be necessary to render intelligible the discussion which follows. On May 26, 1936

the corporation had outstanding 1,000 shares of common stock without par value but having a liquidating value of at least $120 per share. On that date, pursuant to a plan devised to lessen taxes, the certificate of incorporation was amended to provide for changing the outstanding common stock into 2,000 shares without par value, of which 1,000 were denominated Class A and 1,000 Class B.' The old stock was exchanged for the new, the shareholders then gave the B stock to their respective wives, and new certificates therefor were issued to the wives. The B stock had a liquidating value of one dollar per share; everything else on liquidation was to belong to the holders of the A stock, who had also the sole voting rights for directors and on all ordinary matters.[1] By virtue of an agreement made in April 1937 restricting alienation of their stock, the wives were precluded from realizing more than one dollar a share by selling their shares. The A stock was to receive noncumulative dividends at the rate of $10 a share per year before payment of any dividend on the B stock; if dividends in excess of $10 per share were paid on the A stock in any year, such excess dividends were to be shared by both classes of stock in the ratio of one-fifth thereof for the A stock and four-fifths for the B stock. During the six year period ending in December 1941, the dividends paid on B stock totaled $150.40 a share as against $77.60 a share paid on A stock. In 1941 the A stock had a book value of $155 per share.

The Tax Court was of opinion that the 1936 arrangement, though made in the form of a gift of stock, was in reality an assignment of part of the taxpayers' future dividends. Unless form is to be exalted above substance this conclusion is inescapable. Since the total issue of B stock represented only $1,000 of the corporate assets, it is plain that the property which earned the large dividends received by the B shareholders was the property represented by the A stock held by the husbands. In transferring the B shares to their wives they parted with no substantial part of their interest in the corporate property. Had they been content to transfer some of the original common stock, they could have accomplished their purpose of lessening taxes on the family group,[2] but they would then have made substantial gifts of capital. The arrangement they put into effect gave the wives nothing, or substantially nothing, but the right to future earnings flowing from property retained by the husbands. That anticipatory assignments of income, whatever their formal cloak, are ineffective taxwise is a principle too firmly established to be subject to question. See Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055; Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Hyman v. Nunan, 2 Cir., 143 F.2d 425. We think the Tax Court correctly applied this principle to the facts of the case at bar.

Orders affirmed.

---

[1] Whether the amendment of the certificate of incorporation excluded B shareholders from voting on extraordinary matters specified in section 51 of the Stock Corporation Law of New York, McK.Consol.Laws, c. 59, in effect on May 26, 1937, the Tax Court did not find it necessary to determine; nor do we.

[2] See Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.