## BLAIR *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 247.   Argued January 5, 1937.—Decided February 1, 1937.

*Messrs. J. F. Dammann* and *William B. McIlvaine* for petitioner.

*Mr. David E. Hudson,* with whom *Solicitor General Reed, Assistant Attorney General Jackson,* and *Messrs. Sewall Key* and *John G. Remey* were on the brief, for respondent.

By leave of Court, briefs *amici curiae* were filed by *Mr. Edward N. Perkins* and *Mr. John E. Hughes.*

Mr. Chief Justice Hughes delivered the opinion of the Court.

This case presents the question of the liability of a beneficiary of a testamentary trust for a tax upon the income which he had assigned to his children prior to the tax years and which the trustees had paid to them accordingly.

The trust was created by the will of William Blair, a resident of Illinois who died in 1899, and was of property located in that State. One-half of the net income was to be paid to the donor's widow during her life. His son, the petitioner Edward Tyler Blair, was to receive the other one-half and, after the death of the widow, the whole of the net income during his life. In 1923, after the widow's death, petitioner assigned to his daughter, Lucy Blair Linn, an interest amounting to $6000 for the remainder of that calendar year, and to $9000 in each calendar year thereafter, in the net income which the petitioner was then or might thereafter be entitled to receive during his life. At about the same time, he made like assignments of interests, amounting to $9000 in each calendar year, in the net income of the trust to his daughter Edith Blair and to his son, Edward Seymour Blair, respectively. In later years, by similar instruments, he assigned to these children additional interests, and to his son William McCormick Blair other specified interests, in the net income. The trustees accepted the assignments and distributed the income directly to the assignees.

The question first arose with respect to the tax year 1923 and the Commissioner of Internal Revenue ruled that the income was taxable to the petitioner. The Board of Tax Appeals held the contrary. 18 B. T. A. 69. The Circuit Court of Appeals reversed the Board, holding that under the law of Illinois the trust was a spendthrift trust

and the assignments were invalid. *Commissioner* v. *Blair,* 60 F. (2d) 340. We denied certiorari. 288 U. S. 602.

Thereupon the trustees brought suit in the Superior Court of Cook County, Illinois, to obtain a construction of the will with respect to the power of the beneficiary of the trust to assign a part of his equitable interest and to determine the validity of the assignments he had made. The petitioner and the assignees were made defendants. The Appellate Court of Illinois, First District, after a review of the Illinois decisions, decided that the trust was not a spendthrift trust and upheld the assignments. *Blair* v. *Linn,* 274 Ill. App. 23. Under the mandate of the appellate court, the Superior Court of Cook County entered its decree which found the assignments to be "voluntary assignments of a part of the interest of said Edward Tyler Blair in said trust estate" and as such adjudged them to be valid.

At that time there were pending before the Board of Tax Appeals proceedings involving the income of the trust for the years 1924, 1925, 1926 and 1929. The Board received in evidence the record in the suit in the state court and, applying the decision of that court, the Board overruled the Commissioner's determination as to the petitioner's liability. 31 B. T. A. 1192. The Circuit Court of Appeals again reversed the Board. That court recognized the binding effect of the decision of the state court as to the validity of the assignments but decided that the income was still taxable to the petitioner upon the ground that his interest was not attached to the corpus of the estate and that the income was not subject to his disposition until he received it. *Commissioner* v. *Blair,* 83 F. (2d) 655, 662.

Because of an asserted conflict with the decision of the state court, and also with decisions of circuit courts of appeals, we granted certiorari. October 12, 1936.

*First.* The Government contends that the judgment relating to the income for 1923 is conclusive in this pro-

ceeding as *res judicata. Tait* v. *Western Maryland Ry. Co.,* 289 U. S. 620. Petitioner insists that this question was not raised before the Board of Tax Appeals and hence was not available before the Circuit Court of Appeals. *General Utilities Co.* v. *Helvering,* 296 U. S. 200, 206; *Helvering* v. *Salvage,* 297 U. S. 106, 109. The Government responds that the answers before the Board of Tax Appeals in the instant case had been filed before the first decision of the Circuit Court of Appeals was entered, and that, while the case was heard before the Board without amended pleadings, the whole matter was actually before the Board and the question of *res judicata* was raised by an assignment of error on the petition for review before the Circuit Court of Appeals.

It is not necessary to review the respective contentions upon this point, as we think that the ruling in the *Tait* case is not applicable. That ruling and the reasoning which underlies it apply where in the subsequent proceeding, although relating to a different tax year, the questions presented upon the facts and the law are essentially the same. *Tait* v. *Western Maryland Ry. Co., supra,* pp. 624, 626. Here, after the decision in the first proceeding, the opinion and decree of the state court created a new situation. The determination of petitioner's liability for the year 1923 had been rested entirely upon the local law. *Commissioner* v. *Blair,* 60 F. (2d) 340, 342, 344. The supervening decision of the state court interpreting that law in direct relation to this trust cannot justly be ignored in the present proceeding so far as it is found that the local law is determinative of any material point in controversy. Compare *Freuler* v. *Helvering,* 291 U. S. 35; *Hubbell* v. *Helvering,* 70 F. (2d) 668.

*Second.* The question of the validity of the assignments is a question of local law. The donor was a resident of Illinois and his disposition of the property in that State was subject to its law. By that law the character

of the trust, the nature and extent of the interest of the beneficiary, and the power of the beneficiary to assign that interest in whole or in part, are to be determined. The decision of the state court upon these questions is final. *Spindle* v. *Shreve,* 111 U. S. 542, 547, 548; *Uterhart* v. *United States,* 240 U. S. 598, 603; *Poe* v. *Seaborn,* 282 U. S. 101, 110; *Freuler* v. *Helvering, supra,* p. 45. It matters not that the decision was by an intermediate appellate court. Compare *Graham* v. *White-Phillips Co.,* 296 U. S. 27. In this instance, it is not necessary to go beyond the obvious point that the decision was in a suit between the trustees and the beneficiary and his assignees, and the decree which was entered in pursuance of the decision determined as between these parties the validity of the particular assignments. Nor is there any basis for a charge that the suit was collusive and the decree inoperative. *Freuler* v. *Helvering, supra.* The trustees were entitled to seek the instructions of the court having supervision of the trust. . That court entertained the suit and the appellate court, with the first decision of the Circuit Court of Appeals before it, reviewed the decisions of the Supreme Court of the State and reached a deliberate conclusion. To derogate from the authority of that conclusion and of the decree it commanded, so far as the question is one of state law, would be wholly unwarranted in the exercise of federal jurisdiction.

In the face of this ruling of the state court it is not open to the Government to argue that the trust "was, under the Illinois law, a spendthrift trust." The point of the argument is that, the trust being of that character, the state law barred the voluntary alienation by the beneficiary of his interest. The state court held precisely the contrary. The ruling also determines the validity of the assignment by the beneficiary of parts of his interest. That question was necessarily presented and expressly decided.

*Third.* The question remains whether, treating the assignments as valid, the assignor was still taxable upon the income under the federal income tax act. That is a federal question.

Our decisions in *Lucas* v. *Earl,* 281 U. S. 111, and *Burnet* v. *Leininger,* 285 U. S. 136, are cited. In the *Lucas* case the question was whether an attorney was taxable for the whole of his salary and fees earned by him in the tax years or only upon one-half by reason of an agreement with his wife by which his earnings were to be received and owned by them jointly. We were of the opinion that the case turned upon the construction of the taxing act. We said that "the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the same when paid from vesting even for a second in the man who earned it." That was deemed to be the meaning of the statute as to compensation for personal service, and the one who earned the income was held to be subject to the tax. In *Burnet* v. *Leininger, supra,* a husband, a member of a firm, assigned future partnership income to his wife. We found that the revenue act dealt explicitly with the liability of partners as such. The wife did not become a member of the firm; the act specifically taxed the distributive share of each partner in the net income of the firm; and the husband by the fair import of the act remained taxable upon his distributive share. These cases are not in point. The tax here is not upon earnings which are taxed to the one who earns them. Nor is it a case of income attributable to a taxpayer by reason of the application of the income to the discharge of his obligation. *Old Colony Trust Co.* v. *Commissioner,* 279 U. S. 716; *Douglas* v. *Willcuts,* 296 U. S. 1, 9; *Helvering* v. *Stokes,* 296 U. S. 551; *Helvering* v. *Schweitzer,* 296 U. S. 551; *Helvering* v. *Coxey,* 297 U. S.

694. See, also, *Burnet* v. *Wells,* 289 U. S. 670, 677. There is here no question of evasion or of giving effect to statutory provisions designed to forestall evasion; or of the taxpayer's retention of control. *Corliss* v. *Bowers,* 281 U. S. 376; *Burnet* v. *Guggenheim,* 288 U. S. 280.

In the instant case, the tax is upon income as to which, in the general application of the revenue acts, the tax liability attaches to ownership. See *Poe* v. *Seaborn, supra; Hoeper* v. *Tax Commission,* 284 U. S. 206.

The Government points to the provisions of the revenue acts imposing upon the beneficiary of a trust the liability for the tax upon the income distributable to the beneficiary.[1] But the term is merely descriptive of the one entitled to the beneficial interest. These provisions cannot be taken to preclude valid assignments of the beneficial interest, or to affect the duty of the trustee to distribute income to the owner of the beneficial interest, whether he was such initially or becomes such by valid assignment. The one who is to receive the income as the owner of the beneficial interest is to pay the tax. If under the law governing the trust the beneficial interest is assignable, and if it has been assigned without reservation, the assignee thus becomes the beneficiary and is entitled to rights and remedies accordingly. We find nothing in the revenue acts which denies him that status.

The decision of the Circuit Court of Appeals turned upon the effect to be ascribed to the assignments. The court held that the petitioner had no interest in the corpus of the estate and could not dispose of the income until he received it. Hence it was said that "the income was *his*" and his assignment was merely a direction to pay over to others what was due to himself. The question was considered to involve "the date when the income became transferable." 83 F. (2d), p. 662. The

---

[1] Revenue Acts of 1921, § 219 (a) (d); 1924 and 1926, § 219 (a) (b); 1928, § 162 (a) (b).

Government refers to the terms of the assignment,—that it was of the interest in the income "which the said party of the first part now is, or may hereafter be, entitled to receive during his life from the trustees." From this it is urged that the assignments "dealt only with a right to receive the income" and that "no attempt was made to assign any equitable right, title or interest in the trust itself." This construction seems to us to be a strained one. We think it apparent that the conveyancer was not seeking to limit the assignment so as to make it anything less than a complete transfer of the specified interest of the petitioner as the life beneficiary of the trust, but that with ample caution he was using words to effect such a transfer. That the state court so construed the assignments appears from the final decree which described them as voluntary assignments of interests of the petitioner "in said trust estate," and it was in that aspect that petitioner's right to make the assignments was sustained.

The will creating the trust entitled the petitioner during his life to the net income of the property held in trust. He thus became the owner of an equitable interest in the corpus of the property. *Brown* v. *Fletcher,* 235 U. S. 589, 598, 599; *Irwin* v. *Gavit,* 268 U. S. 161, 167, 168; *Senior* v. *Braden,* 295 U. S. 422, 432, 433; *Merchants' Loan & Trust Co.* v. *Patterson,* 308 Ill. 519, 530; 139 N. E. 912. By virtue of that interest he was entitled to enforce the trust, to have a breach of trust enjoined and to obtain redress in case of breach. The interest was present property alienable like any other, in the absence of a valid restraint upon alienation. *Commissioner* v. *Field,* 42 F. (2d) 820, 822; *Shanley* v. *Bowers,* 81 F. (2d) 13, 15. The beneficiary may thus transfer a part of his interest as well as the whole. See Restatement of the Law of Trusts, §§ 130, 132 *et seq.* The assignment of the beneficial interest is not the assignment of a chose in action but of the "right, title and

14

estate in and to property." *Brown* v. *Fletcher, supra; Senior* v. *Braden, supra.* See Bogert, "Trusts and Trustees," vol. 1, § 183, pp. 516, 517; 17 Columbia Law Review, 269, 273, 289, 290.

We conclude that the assignments were valid, that the assignees thereby became the owners of the specified beneficial interests in the income, and that as to these interests they and not the petitioner were taxable for the tax years in question. The judgment of the Circuit Court of Appeals is reversed and the cause is remanded with direction to affirm the decision of the Board of Tax Appeals.

*Reversed.*