*239 OPINION.
Steenhagen:
In determining Gordon’s income tax for 1932, the Commissioner included the $43,642.97 in his taxable income, saying “This office holds that under the provisions of the trust instruments the undistributed income was held or accumulated for future distribution to you and that the income so accumulated and added to principal is taxable income to you under section 167 of the Revenue Act of 1932.” This determination Gordon’s executors assail.
The facts clearly show that the Commissioner’s determination is in error. The taxpayer, regardless of what right, power, or interest he may have had in the income of any or all of the six trusts during earlier years, had before 1932 divested himself of it entirely by transferring it to the corporation. If the corporation were wholly dissociated from Gordon, there would have been no conceivable theory of the statute under which the accumulated trust income could have been taxed to him. For one may effectively relieve himself from tax by assigning his interest in a trust from which he has been deriving income. Blair v. Commissioner, 300 U. S. 5.
The Commissioner urges that because of Gordon’s relation to the corporation and the Foundation Trust, by which the corporation’s shares were owned, “control of the entire situation was in petitioner’s hands, and the purported transfer to the corporation of his rever-sionary interests in the trusts numbered 1 to 6 did not diminish his interests therein.” The evidence, however, shows that the “purported” transfer was genuine and it must be recognized as such. The corporation was an operating legal person which had been in existence *240 and active since 1923, and there is nothing in the evidence to support a finding that it was in reality less or different from the separate corporation it purported to be or to justify disregarding it. The Foundation Trust owned all the corporation’s shares. This trust! was, however, managed by six trustees, of whom a majority was needed to authorize a disposition of trust property; and the taxpayer was only one of the six. His power to remove and substitute trustees is not the equivalent of a power to acquire the corporation’s shares in the trust fund. The fact that Gordon had been paid a salary by the corporation in earlier years or that there were borrowings and lend-ings to and by it does not serve to obliterate it or prove it a sham. Indeed the accurate accounting by both the borrower and lender in recognition of the indebtedness and its fluctuations tends rather to support the recognition of them as genuine.
The Commissioner’s determination is reversed.

Decision will be entered under Bule 50.