HARRISON, COLLECTOR OF INTERNAL REVENUE, *v.* SCHAFFNER.

No. 437.   Argued March 4, 1941.—Decided March 31, 1941.

*Mr. Arnold Raum,* with whom *Solicitor General Biddle, Assistant Attorney General Clark,* and *Messrs. Sewall Key* and *Edward First* were on the brief, for petitioner.

*Mr. Herbert A. Friedlich,* with whom *Messrs. Carl Meyer* and *Louis A. Kohn* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

In December, 1929, respondent, the life beneficiary of a testamentary trust, "assigned" to certain of her children specified amounts in dollars from the income of the trust for the year following the assignment. She made a like assignment to her children and a son-in-law in November, 1930. The question for decision is whether, under the applicable 1928 Revenue Act, 45 Stat. 791, the assigned income, which was paid by the trustees to the several assignees, is taxable as such to the assignor or to the assignees.

The Commissioner ruled that the income was that of

the life beneficiary and assessed a deficiency against her for the calendar years 1930 and 1931, which she paid. In the present suit to recover the tax paid as illegally exacted the district court below gave judgment for the taxpayer, which the Court of Appeals affirmed. 113 F. 2d 449. We granted certiorari, 311 U. S. 638, to resolve an alleged conflict in principle of the decision below with those in *Lucas* v. *Earl*, 281 U. S. 111; *Burnet* v. *Leininger*, 285 U. S. 136, and *Helvering* v. *Clifford*, 309 U. S. 331.

Since granting certiorari we have held, following the reasoning of *Lucas* v. *Earl*, *supra*, that one who is entitled to receive, at a future date, interest or compensation for services and who makes a gift of it by an anticipatory assignment, realizes taxable income quite as much as if he had collected the income and paid it over to the object of his bounty. *Helvering* v. *Horst*, 311 U. S. 112; *Helvering* v. *Eubank*, 311 U. S. 122. Decision in these cases was rested on the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income "derived from any source whatever." In the light of our opinions in these cases the narrow question presented by this record is whether it makes any difference in the application of the taxing statute that the gift is accomplished by the anticipatory assignment of trust income rather than of interest, dividends, rents and the like which are payable to the donor.

Respondent, recognizing that the practical consequences of a gift by assignment, in advance, of a year's income from the trust, are, so far as the use and enjoyment of the income are concerned, no different from those of the gift by assignment of interest or wages, rests his case on technical distinctions affecting the conveyanc-

ing of equitable interests. It is said that since by the assignment of trust income the assignee acquires an equitable right to an accounting by the trustee which, for many purposes, is treated by courts of equity as a present equitable estate in the trust property, it follows that each assignee in the present case is a donee of an interest in the trust property for the term of a year and is thus the recipient of income from his own property which is taxable to him rather than to the donor. See *Blair* v. *Commissioner,* 300 U. S. 5.

We lay to one side the argument which the Government could have made that the assignments were no more than an attempt to charge the specified payments upon the whole income which could pass no present interest in the trust property. See Scott on Trusts, §§ 10.1, 10.6, 29, 30. For we think that the operation of the statutes taxing income is not dependent upon such "attenuated subtleties," but rather on the import and reasonable construction of the taxing act. *Lucas* v. *Earl, supra,* 114.

Section 22 (a) of the 1928 Revenue Act provides, " ' Gross income' includes gains, profits, and income derived from . . . interest, rent, dividends, securities or the transactions of any business carried on for gain or profit, or gains or profits, and income derived from any source whatever." By §§ 161 (a) and 162 (b) the tax is laid upon the income "of any kind of property held in trust," and income of a trust for the taxable year which is to be distributed to the beneficiaries is to be taxed to them "whether distributed to them or not." In construing these and like provisions in other revenue acts we have uniformly held that they are not so much concerned with the refinements of title as with the actual command over the income which is taxed and the actual benefit for which the tax is paid. See *Corliss* v. *Bowers,*

281 U. S. 376; *Lucas* v. *Earl, supra; Helvering* v. *Horst, supra; Helvering* v. *Eubank, supra; Helvering* v. *Clifford, supra.* It was for that reason that in each of those cases it was held that one vested with the right to receive income did not escape the tax by any kind of anticipatory arrangement, however skillfully devised, by which he procures payment of it to another, since, by the exercise of his power to command the income, he enjoys the benefit of the income on which the tax is laid.

Those decisions are controlling here. Taxation is a practical matter and those practical considerations which support the treatment of the disposition of one's income by way of gift as a realization of the income to the donor are the same whether the income be from a trust or from shares of stock or bonds which he owns. It is true, as respondent argues, that where the beneficiary of a trust had assigned a share of the income to another for life without retaining any form of control over the interest assigned, this Court construed the assignment as a transfer *in praesenti* to the donee, of a life interest in the corpus of the trust property, and held in consequence that the income thereafter paid to the donee was taxable to him and not the donor. *Blair* v. *Commissioner, supra.* But we think it quite another matter to say that the beneficiary of a trust who makes a single gift of a sum of money payable out of the income of the trust does not realize income when the gift is effectuated by payment, or that he escapes the tax by attempting to clothe the transaction in the guise of a transfer of trust property rather than the transfer of income, where that is its obvious purpose and effect. We think that the gift by a beneficiary of a trust of some part of the income derived from the trust property for the period of a day, a month or a year involves no such substantial disposition of the trust property as to camouflage the reality that he is

enjoying the benefit of the income from the trust of which he continues to be the beneficiary, quite as much as he enjoys the benefits of interest or wages which he gives away as in the *Horst* and *Eubank* cases. Even though the gift of income be in form accomplished by the temporary disposition of the donor's property which produces the income, the donor retaining every other substantial interest in it, we have not allowed the form to obscure the reality. Income which the donor gives away through the medium of a short term trust created for the benefit of the donee is nevertheless income taxable to the donor. *Helvering* v. *Clifford, supra; Hormel* v. *Helvering, ante,* p. 552. We perceive no difference, so far as the construction and application of the Revenue Act is concerned, between a gift of income in a specified amount by the creation of a trust for a year, see *Hormel* v. *Helvering, supra,* and the assignment by the beneficiary of a trust already created of a like amount from its income for a year.

Nor are we troubled by the logical difficulties of drawing the line between a gift of an equitable interest in property for life effected by a gift for life of a share of the income of the trust and the gift of the income or a part of it for the period of a year as in this case. "Drawing the line" is a recurrent difficulty in those fields of the law where differences in degree produce ultimate differences in kind. See *Irwin* v. *Gavit,* 268 U. S. 161, 168. It is enough that we find in the present case that the taxpayer, in point of substance, has parted with no substantial interest in property other than the specified payments of income which, like other gifts of income, are taxable to the donor. Unless in the meantime the difficulty be resolved by statute or treasury regulation, we leave it to future judicial decisions to determine precisely where the line shall be drawn between gifts of

income-producing property and gifts of income from property of which the donor remains the owner, for all substantial and practical purposes. Cf. *Helvering* v. *Clifford, supra.*

*Reversed.*