## HAWAIIAN TRUST CO., Limited, v. KANNE.

### No. 11909.

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1949.

Judgment reversed.

James M. Richmond, of Honolulu, T. H. (Anderson, Wrenn & Jenks, of Honolulu, T. H.), for appellant.

Theron Lamar Caudle, Asst. Atty. Gen., George A. Stinson, Ellis N. Slack, Leland T. Atherton, and L. W. Post, Sp. Assts. to

Atty. Gen., and Ray J. O'Brien, U. S. Atty., of Honolulu, T. H., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and HARRISON, District Judge.

ORR, Circuit Judge.

Laura D. Sherman, in her lifetime, was the sole beneficiary and co-trustee of an irrevocable inter-vivos trust in which it was provided that all of the net income derived from the trust estate should be paid to her during her lifetime. In 1936 Mrs. Sherman's son was divorced from his wife. As issue of this marriage there were two children living at the time of the divorce, a boy approximately ten years of age and a girl of the age of about nine years. The divorce decree provided that the son pay his divorced wife the sum of $100 per month for life or until she remarry; also that he pay to his divorced wife the sum of $75 per month for support of each child, payments to continue as to each until he or she reached majority unless death in the meantime intervene.

The son being unable to comply with the support provisions of the divorce decree, Mrs. Sherman, his mother, desiring to assist him financially, executed assignments of a portion of the income to which she was entitled under the trust. These assignments were intended to and did make provisions for the payment to the divorced wife and the children of the amounts and for the duration of time required by the divorce decree.

The income assigned by Mrs. Sherman was taxed to her rather than the assignee. She challenged the validity of the action of the Collector of Internal Revenue in thus taxing the assigned income in a suit instituted in the United States District Court for the District of Hawaii. That court sustained the assessment as made by the Collector.

The Collector of Internal Revenue, in assessing the taxes against the assignor, Mrs. Sherman, did so on the theory that she retained the entire reversion in the trust fund. He considered this to be a substantial economic interest in the trust and that therefore § 22(a) of the Internal Revenue Code, 26 U.S.C.A. § 22(a), required the tax to be paid by the assignor on the entire income from the trust.

Section 22(a) has received the attention of the Supreme Court of the United States in the cases of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055. In Blair v. Commissioner, supra, a life beneficiary of a trust assigned his entire interest in and to a portion of the income therefrom. No question of retention of control by the taxpayer was before the court. It was held that the assignees had become the owners of equitable interests in the corpus of the trust, and as such owners should be taxed on the income therefrom.

The decision in the Blair case, supra, was considered by some taxpayers as authority for the release of an assignor from tax liability whenever the assignee obtained any equitable interest from the assignment. But the error in this thinking was exposed by the Supreme Court in the case of Harrison v. Schaffner, supra. The facts in the Schaffner case disclose that the taxpayer there concerned assigned to some of her children, for a period of one year, a certain amount of income from a trust in which she was the beneficiary. The Supreme Court of the United States held that an assignment for one year was "no such substantial disposition of a trust property as to camouflage the reality that he [assignor] is enjoying the benefit of the income from the trust". 312 U.S. 579, 582, 61 S.Ct. 759, 761. It is thus made clear that the important consideration in determining when an assignor shall be released from the tax is whether or not control over and power to command the income has been relinquished and not merely the parting with a technical equitable interest in trust property.

In Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, a decision handed down after the Blair decision and before the decision in the Schaffner case, we find emphasis given to control over income. The Clifford case involved a trust rather than an assignment, but the Supreme Court said in the Schaffner case that there was " * * * no difference, so far as

the construction and application of the Revenue Act is concerned, between a gift of income in a specified amount by the creation of a trust for a year * * * and the assignment by the beneficiary of a trust already created of a like amount from its income for a year." 312 U.S. 579, 583, 61 S.Ct. 759, 762. We understand the rule laid down in the cases considered by the Supreme Court[1] in connection with the Blair and Schaffner cases to be that an assignee may be taxable on the income of an assigned trust property if he thereby obtains an equitable property interest, but this is subject to the limitation that the assignor has not retained such control over the property that he has not parted with a substantial interest.

In the instant case the holder of the equitable interest in the trust made three assignments of trust income, one to last for the unmarried life of the divorced wife, the others to last during the minority of the children aged approximately nine and ten years. As in the Blair case it may be said these assignments effected a transfer of certain rights in the corpus of the trust, although not co-extensive with the assignor's interest. Equitable interests need not be assigned in their entirety in order to give the assignee his property rights. Scott on Trusts, § 132.

Here the conditions under which the assigned interests could revert to the assignor were entirely beyond her control. It is also important to consider that the assignments were not made within a family economic unit, and there existed no legal obligation on the part of the taxpayer to support the recipients of the benefits of the assignments. It is significant that these assignments would not fall within the so-called Clifford regulations promulgated by the Commissioner invoking tax liability. (Regulations 111, § 29.22(a)-21.) The period of the children's assignment is more than the ten year minimum provided in paragraph (c) of the regulations, and the condition of remarriage contained in the assignment to the divorced wife is not of the insubstantial character outlined in paragraph (c). It is also true that notwithstanding Mrs. Sherman was co-trustee under the trust, she was given none of the administrative powers considered sufficient to invoke tax liability under paragraph (e) of the Clifford Regulations. The Clifford Regulations apply specifically to dispositions by way of trust but in view of the consideration which the Supreme Court gave the Clifford case in its decision in the Schaffner case, we think the Clifford Regulations have a persuasive effect in our determination of the tax liability in the instant case.

The recent case of Farkas v. Commissioner, 5 Cir., 170 F.2d 201, presents a factual situation similar to that in the instant case. In the Farkas case the duration of the interests assigned by the taxpayer (who was beneficiary of the trust) was a period of ten years, unless the assignee (who was made trustee) should die earlier. This was considered a substantial disposition of the property and within the rule of the Blair case. In the instant case the transfer was substantial because of the period and character thereof. See, Commissioner v. Jonas, 2 Cir., 122 F.2d 169; United States v. Pierce, 8 Cir., 137 F.2d 428, 148 A.L.R. 1228. It was not used to discharge a legal obligation of the taxpayer and was not a device to avoid taxes. We conclude that the taxes should not have been assessed to the assignor.

The assignor, Mrs. Sherman, the party plaintiff, and Fred H. Kanne, Collector of Internal Revenue, the party defendant, at the time the action was instituted in the lower court, are now deceased. The executor of the one and the executrix of the other have been substituted as parties.

Judgment reversed.

---

[1] Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.