SAX ROHMER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6468. Promulgated June 30, 1950.

*Watson Washburn, Esq.,* and *Royal E. Mygatt, Esq.,* for the petitioner.

*William B. Springer, Esq.,* for the respondent.

## OPINION.

HARRON, *Judge*: *Issue 1.*—The question under this issue is whether the entire income received from the transfer of the first American and Canadian serial rights to the story, "Drums of Fu Manchu," was income to petitioner, or whether only one-half the income from the transfer of these rights is income to petitioner because of the assignment by him to his wife of a one-half interest in the story. This assignment was executed after petitioner transferred the first American and Canadian serial rights to "Collier's" magazine.

In *Wodehouse* v. *Commissioner*, 178 Fed. (2d) 987, the Court of Appeals for the Fourth Circuit held that where a similar assignment of a one-half interest in literary works written by Wodehouse was made by the author to his wife prior to any transfer of the assigned stories:

\* \* \* In reality, then, taxpayer, in substance not in form and in spirit not in letter, attempted merely to assign to his wife a share in his future income. And that, for federal income tax purposes, is not permitted.

The case for taxing to petitioner the entire income received for the serial rights to "Drums of Fu Manchu" is even stronger in this proceeding than it was in the *Wodehouse* case, *supra*. In the instant proceeding, petitioner in form as well as substance assigned to his wife the right to receive one-half the income which he had already earned from the transfer to "Collier's" of serial rights to his novel, "Drums of Fu Manchu."

Outright assignment of the right to receive income has been summarily disposed of as a tax avoidance device by the Supreme Court in a number of cases. In *Helvering* v. *Eubank*, 311 U. S. 122, the Supreme Court held that the assignor of the right to collect insurance premiums on a contract already performed by him was taxable on whatever premiums were collected. And in *Lucas* v. *Earl*, 281 U. S. 111, Justice Holmes observed that regardless of the motive behind the assignment of the right to receive income, the "fruit" must be attributed to the "tree." Cf. *Helvering* v. *Clifford*, 309 U. S. 331; *Helvering* v. *Horst*, 311 U. S. 112; *Harrison* v. *Schaffner*, 312 U. S. 579; *Commissioner* v. *Sunnen*, 333 U. S. 591.

The case of *Wodehouse* v. *Commissioner*, 177 Fed. (2d) 881, decided by the Court of Appeals for the Second Circuit contrary to the decision of the Court of Appeals for the Fourth Circuit in *Wodehouse* v. *Commissioner*, 178 Fed. (2d) 987, despite almost identical facts, is not contrary to our decision in this proceeding. In the case before the Second Circuit, that court based its decision upon the fact that Wodehouse assigned to his wife an interest in the stories before he had received any right to income from them and distinguished *Helvering* v. *Eubank*, *supra*, on that ground. But in this proceeding, peti-

tioner had a contract right to receive the income in question before he made any assignment of an interest in the story to his wife. The dissenting judge noted in the Second Circuit case that:

My brothers concede, as in the light of *Helvering* v. *Eubank*, 311 U. S. 122, they must, that if Wodehouse had given his wife a half-interest in the royalties after he had sold the novel, the income would be taxable to him.

It is held that the entire payments received for the transfer of the first American and Canadian serial rights to "Drums of Fu Manchu" are income to petitioner.

*Issue 2.*—The question under the second issue is whether lump-sum payments received by petitioner in exchange for the serial, broadcasting, or newspaper rights to certain of his literary works is properly includible in his income as a nonresident alien.

This question was considered by the Supreme Court in the recent case of *Wodehouse* v. *Commissioner*, 337 U. S. 369. The Supreme Court held that the receipt of such lump-sum payments constitutes the receipt of "gross income from sources within the United States as used in sections 119 (a), 211 (a), and 212 (a) of the Internal Revenue Code," and is therefore includible in the taxable income of the non-resident alien. See, also, *Sabatini* v. *Commissioner*, 98 Fed. (2d) 753, affirming 32 B. T. A. 705; *Rohmer* v. *Commissioner*, 153 Fed. (2d) 61, affirming 5 T. C. 183, certiorari denied, 328 U. S. 862.

It is held that the lump-sum payments received by petitioner in exchange for the serial rights to "Drums of Fu Manchu" are includible in his income.

*Issue 3.*—The question under this issue is whether the assessment of the deficiency in question is barred by the three-year period of limitation contained in section 275 (a) of the Revenue Act of 1938.

Since we have held under the first two issues that petitioner failed to include in his gross income amounts properly includible therein, which are in excess of 25 per cent of the gross income which he did include, the five-year period of limitation contained in section 275 (c) of the Revenue Act of 1938, rather than the three-year period contained in section 275 (a), is applicable to this proceeding. It is held, therefore, that the statute of limitations has not tolled against the assessment of the deficiency in question.

·*Issue 4.*—The question under the fourth issue is whether the income received by petitioner for the use of his literary property is properly allocable between sources within and sources without the United States.

If there is a proper basis upon which a specific portion of the total consideration paid petitioner for serial rights to his stories can be allocated between sources within and sources without the United States, then the amounts paid for their use without the United States

are not includible in petitioner's income. See *Wodehouse* v. *Commissioner*, 178 Fed. (2d) 987; *Wodehouse* v. *Commissioner*, 177 Fed. (2d) 881; *Sax Rohmer*, 5 T. C. 183, affd., 153 Fed. (2d) 61, certiorari denied, 328 U. S. 862; cf. *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, reversing 11 B. T. A. 743. Section 211 (a) of the Revenue Act of 1938 taxes nonresident alien individuals not engaged in trade or business within the United States and not having an office or place of business therein only upon income received from sources within the United States.

Based upon the testimony of the expert witnesses, the circulation figures put in evidence, and "the economic common sense of the entire situation here presented," (*Wodehouse* v. *Commissioner*, 178 Fed. (2d) 987) it is held that 95 per cent of the income from the transfer of the serial rights to the stories, "Drums of Fu Manchu," "Cinderella's Slipper," and "Panama Plot," is attributable to sources within the United States and 5 per cent is attributable to sources without the United States.

*Issue 5.*—The question under the final issue is whether petitioner is entitled to any deductions, earned income credit, or personal exemption in computing his net income subject to tax.

Under the first two issues, it has been held that petitioner received gross income for the year 1938 from sources within the United States, and our holdings increase his income to a figure greater than $21,600. Under section 211 of the Revenue Act of 1938,[1] therefore, petitioner

---

[1] SEC. 211. TAX ON NONRESIDENT ALIEN INDIVIDUALS.

(a) NO UNITED STATES BUSINESS OR OFFICE.

(1) GENERAL RULE.—There shall be levied, collected, and paid for each taxable year, in lieu of the tax imposed by sections 11 and 12, upon the amount received, by every nonresident alien individual not engaged in trade or business within the United States and not having an office or place of business therein, from sources within the United States as interest (except interest on deposits with persons carrying on the banking business), dividends, rents, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable annual or periodical gains, profits, and income a tax of 10 per centum of such amount, * * *

\* \* \* \* \* \* \*

(c) NO UNITED STATES BUSINESS OR OFFICE AND GROSS INCOME OF MORE THAN $21,600.—A nonresident alien individual not engaged in trade or business within the United States and not having an office or place of business therein who has a gross income for any taxable year of more than $21,600 from the sources specified in subsection (a) (1), shall be taxable without regard to the provisions of subsection (a) (1), except that—

(1) The gross income shall include only income from the sources specified in subsection (a) (1);

(2) The deductions (other than the so-called "charitable deduction" provided in section 213 (c)) shall be allowed only if and to the extent that they are properly allocable to the gross income from the sources specified in subsection (a) (1);

(3) The aggregate of the normal tax and surtax under sections 11 and 12 shall, in no case, be less than 10 per centum of the gross income from the sources specified in subsection (a) (1); and

\* \* \* \* \* \* \*

is entitled to deduct the expenses incurred which were allocable to gross income from sources within the United States as specified in that section.

In the deficiency notice, respondent refused to allow deductions for expenses which petitioner claimed were allocable to income from sources within the United States on the ground that petitioner had failed to submit any evidence that they had actually been incurred. At the trial of this proceeding, petitioner introduced evidence which establishes that he incurred expenses which are allocable to income from sources within the United States. From the evidence, facts have been found with respect to the items of expenses and the amounts thereof which are allocable to income from sources within the United States. The various items total $9,550.04. It is held that the foregoing total amount is deductible under section 211 (c) of the 1938 Act. It is held further that petitioner is entitled to an earned income credit and to a personal exemption.

*Decision will be entered under Rule 50.*