**CLAIRE v. UNITED STATES.**

No. 44026.

Court of Claims.

Oct. 7, 1940.

Joseph D. Brady, of Los Angeles, Cal., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, and WHITAKER, Judges.

WHITAKER, Judge, delivered the opinion of the court:

The plaintiff, Ina Claire, an actress, during the years 1930 and 1931, was the wife of John Gilbert, a motion picture actor. They were residents of the State of California, under whose law a spouse is entitled to one-half of the earnings of the other spouse. However, on May 31, 1930, the plaintiff and her then husband entered into a written agreement, under the terms of which all the income earned by each spouse was to be the sole and separate property of the party receiving it, free

from the community rights of the other therein.

Each of the parties returned income on the basis of this agreement, and not on the basis of the community property law of California, and paid taxes accordingly. The Commissioner of Internal Revenue, however, in auditing the returns of the parties taxed the plaintiff and her husband each with one-half of the joint income of the two. This resulted in a deficiency in the tax liability of the plaintiff and in an overassessment against her husband. In this situation the defendant requested plaintiff and her husband to execute a paper prepared by it, denominated "Consent Providing for Crediting Overassessment against Deficiency." This consent reads: "We, the undersigned taxpayers, hereby request and agree to have any and all overassessments representing overpayments by either party of Federal Income Taxes, applied as credits against any additional Federal Income Taxes due from the other party: * * *" Under the terms of this agreement the overassessment against John Gilbert was applied toward the satisfaction of the deficiency of the plaintiff, and there was also applied against this deficiency interest due John Gilbert on the overassessment. The balance the plaintiff paid in cash.

On May 25, 1935, plaintiff filed claims for refund for the years 1930 and 1931 in the respective amounts of $44,111.01 and $52,473.19. These claims were rejected on March 5, 1937. In his letter the Commissioner refused to follow the decision of the Circuit Court of Appeals for the Ninth Circuit, in Helvering v. Hickman, 70 F.2d 985, holding that the income of a spouse should be taxed in accordance with the agreement between the parties rather than in accordance with the community property law. Subsequently, the commissioner decided that he would follow the Hickman case and, accordingly, plaintiff asked for reconsideration of her claim. This request was denied because—"It is the position of the Bureau that inasmuch as your claims were filed after it was too late to make concurrent adjustment in the returns of your husband (now deceased) the overpayment made by you may not be refunded to the detriment of the Government. In support of this position the Bureau relies on the doctrine of equitable estoppel * * *."

About a year after this suit was instituted, on August 14, 1939, the Commissioner of Internal Revenue instructed the Collector to reverse the credit to Ina Claire's deficiency of the overassessment against John Gilbert. This was done by the Collector on August 16, 1939, of which plaintiff was duly notified.

■ If the Collector's action in reversing the credit of the overassessment against John Gilbert to the plaintiff's deficiency is void, there can be no doubt that the plaintiff is entitled to recover. Both the Circuit Court of Appeals for the Ninth Circuit in Hickman v. Helvering, supra, and this court in Marshall v. United States, 88 Ct.Cl. 393, 26 F.Supp. 474, have held that a taxpayer living in California must be assessed in accordance with any agreement between herself and her spouse for the division of their income, instead of in accordance with the community property law of that State. And the Commissioner of Internal Revenue today acquiesces in this view, as we think he must. This being true, the plaintiff has overpaid her tax, unless the Collector had the right to reverse the credit to her tax liability of the overassessment against John Gilbert.

■ It seems to us too clear to require extended discussion that the Collector was without such authority. The overassessment against John Gilbert could not be credited against the plaintiff's deficiency except by his consent. His consent thereto was tantamount to his giving to the plaintiff the amount of the refund to which he was entitled for the purpose of allowing her to apply it to her alleged deficiency in tax. Had the refund actually been made to John Gilbert, and had he handed the money to his wife, and had she then paid it in part satisfaction of her tax liability, the Collector could not now insist that she had not paid in full the deficiency assessed. What was done amounted to the same thing. Ford Motor Co. v. United States, 81 Ct.Cl. 30, 9 F.Supp. 590, certiorari denied 296 U.S. 636, 56 S.Ct. 170, 80 L.Ed. 452.

■ The consent executed by the plaintiff and John Gilbert was an agreement between them and the Commissioner as to the application of his overassessment. That agreement was consummated in accordance with its terms and, of course, is not now subject to revocation without the consent of all parties.

■ The position taken by the Bureau that the plaintiff is prevented from recov-

1014

ering by "the doctrine of equitable estoppel" is wholly without merit. It is not relied on by defendant's counsel. The Bureau's action in denying the refund was arbitrary; the excuse offered affords no justification therefor.

It also seems clear to us that the defendant's present position, that the consent filed by the taxpayer and her husband on December 1, 1932, and June 1, 1933, may now be availed of to credit the overpayment by the plaintiff against the present deficiency of John Gilbert, is also without merit. That consent was executed at the time there was a deficiency outstanding against the plaintiff and overassessments against her husband. It was a consent to the application of the then outstanding overassessment against John Gilbert to the then outstanding deficiency of the plaintiff. That agreement has been fully consummated, and when consummated, became functus officio. It cannot be availed of now to rescind the action previously taken under it. Compare Newport Industries, Inc., v. Commissioner, 40 B.T.A. 977.

Plaintiff's correct tax liability for the year 1930 was $10,756.07. She has paid a total tax for that year of $54,867.08, and interest of $5,336.40. Her claim for refund was filed on March 25, 1935. Payments made within two years prior thereto amount to a total of $10,886.40. This amount plaintiff is entitled to recover, with interest at 6 per cent on $1,200.35 thereof from February 3, 1934, and on $9,686.05 thereof from May 27, 1933. The application of John Gilbert's overassessment of tax and interest to the 1930 deficiency was made more than two years prior to the filing of the claim for refund, and for this reason plaintiff is not entitled to recover any amount on account of these applications.

For the year 1931 plaintiff's correct tax liability was $6,204.14. She has paid a total tax of $58,677.33, and interest of $4,166.21. The credit of John Gilbert's overassessments and the cash payments made on the deficiency were all made within two years prior to the filing of the claim for refund. Eliminating from these payments the additional payments admittedly due from the plaintiff and interest thereon, plaintiff is entitled to recover for this year the sum of $56,613.42, with interest as provided by law on $2,586.97 thereof from January 14, 1935; on $1,632.40 from November 27, 1934; on $111.72 from November 16, 1933; on $23.71 from October 17, 1933; on $49,413.79 from September 22, 1933; and on $2,844.83 from May 27, 1933. It is so ordered.