**Lewis R. HEIM, Plaintiff,**

v.

**John J. FITZPATRICK et al.,
Defendants.**

Civ. No. 5565.

United States District Court
D. Connecticut, Civil Division.
May 15, 1957.

Philo C. Calhoun, Marsh, Day & Calhoun, Bridgeport, Conn., Hugh Satterlee, and Rollin Browne, Satterlee, Browne & Cherbonnier, New York City, for plaintiff.

Simon S. Cohen, U. S. Atty., Hartford, Conn., David A. Wilson, Jr., Atty. for Dept. of Justice, Washington, D. C., for defendants.

ANDERSON, District Judge.

The plaintiff-taxpayer, Lewis R. Heim, is the inventor of a rod end and spherical bearing called the Heim Unibal Bearing. In September of 1942 he applied for a patent on his invention and shortly thereafter he applied for a patent on certain improvements which he made on the original invention. On November 17, 1942, the taxpayer made a formal written assignment of his invention and all patents which might issue on it and on improvements thereon to The Heim Company, a corporation the capital stock of which was owned as follows: 1% by Lewis R. Heim, the taxpayer; 41% by Anna Heim, wife of the taxpayer; 27% by Charles Heim, son of the taxpayer; 27% by Florence Heim Van Etten, daughter of the taxpayer; 2% by Muriel Heim, daughter-in-law of the taxpayer; and 2% by Carl Van Etten, son-in-law of the taxpayer. The patents applied for were issued to The Heim Company on January 2, 1945 and May 21, 1956. Meanwhile, on July 29, 1943, there was reduced to writing an agreement previously made orally between The Heim Company and the taxpayer by the terms of which the company agreed to take certain action with respect to the application for and protection of patents with the assistance of the taxpayer who also agreed to assign to the company any future inventions he might make on rod ends or spherical bearings. The company agreed, commencing July 1943, to pay the taxpayer royalties during the life of the patents on the manufacture and sale of rod ends or spherical bearings under the patents then applied for. Royalties on improved or new units of rod ends and spherical bearings were to be agreed on in the future before any manufacture of them. If the royalties ever fell below a particular figure for a particular period, the taxpayer had the option to cancel the agreement and have all interests of the company under the agreement revert to the taxpayer. On August 21, 1943, the taxpayer made assignments of 75% of the royalties, payable to him under the agreement with the company, as follows: 25% to his wife; 25% to his son; and 25% to his daughter. The remaining 25% he retained for himself. These assignments were reported as gifts to the assignees and gift taxes were paid on them. These assignments also conveyed to the donees all of the taxpayer's reversionary interest in the inventions and patents, past and future, under the terms of the agreement with the company. The company was notified of the assignments and made payments accordingly.

The Commissioner of Internal Revenue decided that all of the royalties paid by The Heim Company to the donees for the taxable years 1943 through 1946 were taxable to the taxpayer. He paid the deficiency charged by the Commissioner and in this action seeks to recover it.

The question is whether or not the royalty payments, which were the subject of the deficiency, come within the definition of "gross income" to the taxpayer under Section 22 of the Internal Revenue Code of 1939 (26 U.S.C.1952 Ed. § 22). The principles applied by the Supreme Court in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 and in Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, require

that this question be answered in the affirmative. The income-producing property, i. e. the patents, had been assigned by the taxpayer to the corporation. What he had left was a right to a portion of the income which the patents produced. He had the power to dispose of and divert the stream of this income as he saw fit. He gave three-quarters of it to his wife and children. That is the way he decided he wanted to spend it. In Wodehouse v. Commissioner of Internal Revenue, 2 Cir., 177 F.2d 881, 884, the plaintiff, before selling a story which he had written, assigned a half interest in it to his wife and the majority of the court held that the case did not come under Helvering v. Eubank, supra, because " * * * the donor had no contract right to royalties when he made the gift. He assigned to his wife property which is as freely transferable by gift as is real estate or stocks and bonds, and the income which she later received therefrom was paid under a contract negotiated by an agent who knew he was acting for her and not for her husband with respect to her half interest in the manuscript. Her husband was not the creator of her right to receive royalties." In his dissent Judge Clark said, " 'The power to dispose of income is the equivalent of ownership of it', Helvering v. Horst, [supra] * * * and my brothers concede, as in the light of Helvering v. Eubank, [supra] * * * they must, that if Wodehouse had given his wife a half-interest in the royalties after he had sold the novel, the income would be taxable to him." In the present case the taxpayer assigned the royalties to the donees after he sold the patents to the corporation.

The fact that the assignees of the taxpayer's royalties were also owners of 99% of the shares of the company cannot affect this conclusion. The company was not a dummy but a real operating corporation and a separate entity; and the percentage of royalties assigned to each of the donees did not pretend to follow the proportion of the ownership of shares in the corporation held respectively by each donee. Thus "the tree" was no longer owned by the taxpayer but by a third person. He retained a right to a part of the fruit and gave it to the natural objects of his affection. Nor is the conclusion reached here affected by the assignment to the donees of the taxpayer's reversionary rights under the contract with the company whereby, after a default by the company and the exercise by the taxpayer of his option, "the tree" would return to the taxpayer. There is nothing to show that at any time during the period for which the taxpayer was taxed was there an occurrence of this condition subsequent which brought about an exercise of the option, and under the assignment no property passed to the donees from which it could be said that the taxed income came. In other words it is not a case of a "tree" being transferred together with the fruit which might thereafter come from it.

The plaintiff relies strongly upon Commissioner of Internal Revenue v. Reece, 1 Cir., 1956, 233 F.2d 30, as determinative of this case. The court there gave a very narrow interpretation to the Supreme Court cases above cited and is evidently at variance with the Second Circuit in Wodehouse v. Commissioner of Internal Revenue supra and with the Fourth Circuit in Wodehouse v. Commissioner of Internal Revenue, 178 F.2d 987. The Reece case can only appear to be reconciled with the Wodehouse case of the Second Circuit by considering the royalty contract itself as the income-producing property, and there is a strong implication that this is what was done in the Reece case. But the patents, not the contract, constitute "the tree". Judge Learned Hand speaking for the Second Circuit in Shuster v. Helvering, 121 F.2d 643, at page 645 [1–3], said, " * * * it is easy enough to find authorities speaking of contracts as 'property,' but the consequences of so treating them for purposes of the income tax are absurd."

The plaintiff's motion for summary judgment is denied and the defendants' motion for summary judgment is

granted. Judgment may enter granting the defendants their costs and dismissing the action.