**Lewis R. HEIM, Plaintiff-Appellant,**

v.

**John J. FITZPATRICK, Defendant-Appellee.[1]**

**No. 65, Docket 24740.**

United States Court of Appeals Second Circuit.

Argued Oct. 21, 1958.

Decided Jan. 26, 1959.

---

1. Frank W. Kraemer was also named as a defendant but the action was dismissed as to him.

888

Rollin Browne, New York City, for appellant, Hugh Satterlee, Philo C. Calhoun, Bridgeport, Conn., and Cecil Browne, New York City, of counsel.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Morton K. Rothschild, Attorneys, Dept. of Justice, Washington, D. C., Harry W. Hultgren, Jr., Acting U. S. Atty., and W. Paul Flynn, Asst. U. S. Atty., New Haven, Conn., for appellee.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

SWAN, Circuit Judge.

This litigation involves income taxes of Lewis R. Heim, for the years 1943 through 1946. On audit of the taxpayer's returns, the Commissioner of Internal Revenue determined that his taxable income in each of said years should be increased by adding thereto patent royalty payments received by his wife, his son and his daughter. The resulting deficiencies were paid under protest to defendant Fitzpatrick, Collector of Internal Revenue for the District of Connecticut. Thereafter claims for refund were filed and rejected. The present action was timely commenced on June 16, 1955. It was heard upon an agreed state-ment of facts and supplemental affidavits. Each party moved for summary judgment. The plaintiff's motion was denied and the defendant's granted. Judge Anderson's opinion is reported in D.C., 151 F.Supp. 574.

Plaintiff was the inventor of a new type of rod end and spherical bearing. In September 1942 he applied for a patent thereon. On November 5, 1942 he applied for a further patent on improvements of his original invention. Thereafter on November 17, 1942 he executed a formal written assignment of his invention and of the patents which might be issued for it and for improvements thereof to The Heim Company.[2] This was duly recorded in the Patent Office and in January 1945 and May 1946 plaintiff's patent applications were acted on favorably and patents thereon were issued to the Company. The assignment to the Company was made pursuant to an oral agreement, subsequently reduced to a writing dated July 29, 1943, by which it was agreed (1) that the Company need pay no royalties on bearings manufactured by it prior to July 1, 1943; (2) that after that date the Company would pay specified royalties on 12 types of bearings; (3) that on new types of bearings it would pay royalties to be agreed upon prior to their manufacture; (4) that if the royalties for any two consecutive months or for any one year should fall below stated amounts, plaintiff at his option might cancel the agreement and thereupon all rights granted by him under the agreement and under any and all assigned patents should revert to him, his heirs and assigns; and (5) that this agreement is not transferable by the Company.

In August 1943 plaintiff assigned to his wife "an undivided interest of 25 per cent in said agreement with The Heim Company dated July 29, 1943, and in all his inventions and patent rights, past and future, referred to therein and in all

2. The stock of The Heim Company was owned as follows: plaintiff 1%, his wife 41%, his son and daughter 27% each, and his daughter-in-law and son-in-law 2% each.

rights and benefits of the First Party [plaintiff] thereunder * * *." A similar assignment was given to his son and another to his daughter. Plaintiff paid gift taxes on the assignments. The Company was notified of them and thereafter it made all royalty payments accordingly. As additional types of bearings were put into production from time to time the royalties on them were fixed by agreement between the Company and the plaintiff and his three assignees.

The Commissioner of Internal Revenue decided that all of the royalties paid by the Company to plaintiff's wife and children during the taxable years in suit were taxable to him. This resulted in a deficiency which the plaintiff paid partly in cash and partly through crediting overassessments determined in favor of his wife, son and daughter.

The appellant contends that the assignments to his wife and children transferred to them income-producing property and consequently the royalty payments were taxable to his donees, as held in Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.[3] Judge Anderson, however, was of opinion that [151 F.Supp. 576]:

"The income-producing property, i. e. the patents, had been assigned by the taxpayer to the corporation. What he had left was a right to a portion of the income which the patents produced. He had the power to dispose of and divert the stream of this income as he saw fit."

Consequently he ruled that the principles applied by the Supreme Court in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75 and Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81 required all the royalty payments to be treated as income of plaintiff.

The question is not free from doubt, but the court believes that the transfers in this case were gifts of income-producing property and that neither Horst nor Eubank requires the contrary view. In the Horst case the taxpayer detached interest coupons from negotiable bonds, which he retained, and made a gift of the coupons, shortly before their due date, to his son who collected them in the same year at maturity. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, which held that an assignment of unearned future income for personal services is taxable to the assignor, was extended to cover the assignment in Horst, the court saying at page 120, of 311 U.S., at page 148 of 61 S.Ct.:

"Nor is it perceived that there is any adequate basis for distinguishing between the gift of interest coupons here and a gift of salary or commissions."

In the Eubank case the taxpayer assigned a contract which entitled him to receive previously earned insurance renewal commissions. In holding the income taxable to the assignor the court found that the issues were not distinguishable from those in Horst. No reference was made to the assignment of the underlying contract.[4]

---

**3.** In Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, where a life beneficiary of trust income assigned part of the income for one year, the court held it taxable to the assignor. The Blair case was distinguished on the ground that in the case at bar there was no substantial transfer of a property interest in the trust, the court saying at pages 583–584 of 312 U.S., at page 762 of 61 S.Ct.:
"Nor are we troubled by the logical difficulties of drawing the line between a gift of an equitable interest in property for life effected by a gift for life of a

share of the income of the trust and the gift of the income or a part of it for the period of a year as in this case. 'Drawing the line' is a recurrent difficulty in those fields of the law where differences in degree produce ultimate differences in kind."

**4.** These decisions were distinguished by Judge Magruder in Commissioner v. Reece, 1 Cir., 233 F.2d 30. In that case, as in the case at bar, the taxpayer assigned his patent to a corporation in return for its promise to pay royalties, and later made a gift of the

In the present case more than a bare right to receive future royalties was assigned by plaintiff to his donees. Under the terms of his contract with The Heim Company he retained the power to bargain for the fixing of royalties on new types of bearings, i. e. bearings other than the 12 products on which royalties were specified. This power was assigned and the assignees exercised it as to new products. Plaintiff also retained a reversionary interest in his invention and patents by reason of his option to cancel the agreement if certain conditions were not fulfilled. This interest was also assigned. The fact that the option was not exercised in 1945, when it could have been, is irrelevant so far as concerns the existence of the reversionary interest. We think that the rights retained by plaintiff and assigned to his wife and children were sufficiently substantial to justify the view that they were given income-producing property.

■ In addition to Judge Anderson's ground of decision appellee advances a further argument (page 19 of his brief) in support of the judgment, namely, that the plaintiff retained sufficient control over the invention and the royalties to make it reasonable to treat him as owner of that income for tax purposes. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 is relied upon. There a patent was licensed under a royalty contract with a corporation in which the taxpayer-inventor held 89% of the stock. An assignment of the royalty contract to the taxpayer's wife was held ineffective to shift the tax, since the taxpayer retained control over the royalty payments to his wife by virtue of his control of the corporation, which could cancel the contract

at any time. The argument is that, although plaintiff himself owned only 1% of The Heim Company stock, his wife and daughter together owned 68% and it is reasonable to infer from depositions introduced by the Commissioner that they would follow the plaintiff's advice. Judge Anderson did not find it necessary to pass on this contention. But we are satisfied that the record would not support a finding that plaintiff controlled the corporation whose active heads were the son and son-in-law. No inference can reasonably be drawn that the daughter would be likely to follow her father's advice rather than her husband's or brother's with respect to action by the corporation.

An additional point made by the appellee also deserves mention. Part of the taxes were paid in cash by the appellant and the balance was covered by overassessment credits allowed to his wife, son and daughter who consented to his use of them. The appellee contends that any recovery by the plaintiff should be limited to the amount he paid in cash. This question was raised below but not decided since the plaintiff recovered nothing. The contention appears to us to be a very unfair position. The wife, son and daughter are not parties to this suit and their rights vis-a-vis the Government or vis-a-vis the plaintiff cannot be here determined. A similar contention was decided adversely to the Government by the Court of Claims in Claire v. United States, 34 F.Supp. 1009, 92 Ct.Cl. 239.

For the foregoing reasons we hold that the judgment should be reversed and the cause remanded with directions to grant plaintiff's motion for summary judgment.

So ordered.

royalty contract to his wife. It was held that this was a gift of income-producing property and was effective to make the royalties taxable to her. See also Nelson v. Ferguson, 3 Cir., 56 F.2d 121,

certiorari denied 286 U.S. 565, 52 S.Ct. 646, 76 L.Ed. 1297; Commissioner of Internal Revenue v. Hopkinson, 2 Cir., 126 F.2d 406; and 71 Harvard Law Review 378.