## WHITE v. BRODRICK, Collector of Internal Revenue.

### Civ. No. W–161.

United States District Court,
D. Kansas.

March 6, 1952.

W. D. Jochems, of Jochems, Sargent & Blaes, Wichita, Kan. Randolph E. Paul, Washington, D. C., for plaintiff.

Lester Luther, U. S. Atty. and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., for defendant.

HILL, District Judge.

## Findings of Fact

1. The plaintiff is a farmer residing at Kingsdown, Kansas, and his principal place of business is at Kingsdown, Kansas.

2. On July 9, 1942, defendant was duly appointed Collector of Internal Revenue for the Collection District of Kansas, and at all times hereinafter mentioned held and still holds said office of Collector.

3. At all times here pertinent and as a regular matter of course the plaintiff has kept his books and prepared his returns on the cash basis of accounting.

4. During the taxable year 1947 plaintiff donated 4,000 bushels of wheat to the Federal Council of Churches and 3,226 bushels and 40 pounds of wheat to the Mennonite Brethren Church for transfer to Food for Friendship, Inc., generally known as the Friendship Train. During the same year the Federal Council of Churches and the Mennonite Brethren Church duly transferred all said wheat to Food for Friendship, Inc.

5. The said wheat donated by the plaintiff was planted in 1946, was harvested and stored in 1947, and was thereafter held by the plaintiff for sale in the ordinary course of his farming business. At the time of the donation of said wheat the fair market value thereof was $19,150.67.

6. All costs, expenses and charges incurred in raising, harvesting and storing the crops of wheat of which the wheat so donated was a part were incurred in the taxable years 1946 and 1947, and have been allowed as deductions for said years.

7. Food for Friendship, Inc., was a charitable corporation under Sections 23(*o*) and 101(6) of the Internal Revenue Code, 26 U.S.C.A. §§ 23(*o*), 101(6), organized and operated exclusively to collect from the people of America food for distribution among the distressed people of Europe. Food for Friendship, Inc., distributed said 7,226 bushels and 40 pounds of wheat donated by the plaintiff, in accordance with its charitable purposes, and did not sell or otherwise dispose of any part of said wheat for money or other property.

8. On January 12, 1948, the plaintiff filed his income tax return for the calendar year 1947, reporting an adjusted gross income of $30,830.59, and after deducting, among other items, a charitable contribution (unrelated to the said donation of wheat to Food for Friendship, Inc.) of $3,357.80 to the Presbyterian Church, Kingsdown, Kansas, showed a tax liability of $10,481.48, which amount was duly paid. In computing his tax liability in said return, the plaintiff did not include in his reported income the fair market value of the wheat or any portion thereof donated by him to Food for Friendship, Inc., and did not claim any deduction with respect to the fair market value of said wheat or any portion thereof.

9. By letter dated January 19, 1949, the Commissioner of Internal Revenue advised the plaintiff that a deficiency of $9,037.43 had been recommended as to the income tax of the plaintiff for the taxable year 1947. Attached to said letter was a report dated November 1, 1948, which proposed several adjustments to the plaintiff's taxable income for 1947, resulting in said deficiency of $9,037.43. One of said adjustments was an increase of $19,150.67 in the plaintiff's gross income, and an additional deduction allowance for charitable contributions in the amount of $4,083.69, which, together with the previously allowed charitable contribution deduction of $3,357.80, made a total charitable contribution deduction of $7,441.49. The charitable contribution deduction of $7,441.49 allowed in such report represented 15 percent of the plaintiff's adjusted gross income, as recomputed in such report, for the taxable year 1947, pursuant to the 15 percent maximum charitable contribution allowance specified in Section 23(*o*), Internal Revenue Code.

10. On March 1, 1949, the plaintiff paid to the defendant the deficiency of $9,037.43 plus interest thereon, from March 15, 1948, through March 1, 1949, of $517.85. Said $9,037.43 and said $517.85 were attributable to the determinations of the Commissioner (1) that the gross income of the plaintiff should be increased in the amount of $19,-150.67, representing the fair market value of the wheat donated to Food for Friendship, Inc., and (2) that the charitable contributions allowed to the plaintiff should be increased in the amount of $4,083.69.

11. On August 31, 1949, the plaintiff duly filed with the defendant a claim for the refund of said $9,037.43, together with said interest of $517.85, making the total claimed $9,555.28, referred to in Paragraph 10 hereof. The plaintiff's claim for refund was based on the ground that the plaintiff did not realize gain by donating the 7,226 bushels and 40 pounds of wheat to Food for Friendship, Inc.

12. The Commissioner of Internal Revenue, by a registered letter addressed to the plaintiff dated May 5, 1950, rejected the plaintiff's claim for refund as described in Paragraph 11 hereof, and has not refunded to the plaintiff the amount claimed therein or any part thereof. This action was duly begun on September 18, 1950.

### Conclusions of Law

Upon the foregoing, the Court concludes that:

1. This Court has jurisdiction of the parties and the subject matter.

2. The plaintiff did not realize any taxable income or gain by reason of the donation and disposition of the wheat as set forth in the Findings of Fact.

3. The Commissioner of Internal Revenue erred in holding that the fair market value of the wheat donated and disposed of as set forth in the Findings of Fact was taxable income to plaintiff in the year 1947, and unlawfully assessed the deficiency tax thereon.

4. The plaintiff is entitled to judgment against the defendant for the sum of $9,-555.28 and interest thereon as provided by law from March 1, 1949.