**Harry ROFF and Marcia Roff, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13873.

United States Court of Appeals Third Circuit.

Argued May 11, 1962.

Decided June 4, 1962.

Jerome Miller, Newark, N. J., for petitioners.

Charles B. E. Freeman, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Gilbert E. Andrews, Jr., Attys., Department of Justice, Washington, D. C., on the brief), for respondent.

Before McLAUGHLIN, STALEY and GANEY, Circuit Judges.

## PER CURIAM.

Taxpayer in good faith sold to a third party two annuity contracts shortly before their maturity. He contends that the excess of sales price over net cost should be taxed at capital gains rates. The Tax Court, in an excellent opinion by Judge Bruce, upheld the Commissioner's finding that the sales resulted in ordinary income to the petitioner. We must agree.

Admittedly petitioner's gain arises from the fixed interest on the annuities. He would have been taxed on that gain as ordinary income had the contracts been surrendered or after their maturity. Section 72, Internal Revenue Code of 1954, 28 U.S.C. § 72; cf. Bodine v. Commissioner, 103 F.2d 982, 983 (3 Cir. 1939), cert. den. 308 U.S. 576, 60 S.Ct. 92, 84 L.Ed. 483. Though petitioner had held these capital asset contracts for more than six months, what he received was the equivalent of interest on their sale. That sale cannot be held to " * * * convert what would in time constitute ordinary income * * * into capital gain." Arnfeld v. United States, 163 F.Supp. 865, 869, 143 Ct.Cl. 277 (1958), cert. den. 359 U.S. 943, 79 S.Ct. 722, 3 L.Ed.2d 676. As was said in United States v. Snow, 223 F.2d 103, 108 (9 Cir. 1955), " * * * the assignment of accrued ordinary income must be treated separately from the assignment of the capital assets which produced the income."

It is also argued on behalf of the petitioner that even assuming his gains are ordinary income, under Section 72(e) (3) of the 1954 Code they should be included in his " * * * gross income * * * ratably over the taxable year in which received and the preceding 2 taxable years." Section 72(e) (1) specifically states "If any amount is received *under* an annuity * * * contract * * * " (Emphasis supplied), (3) may be applicable but there is nothing in the section to uphold petitioner's proposition that his sale proceeds *not* received " * * * under an annuity * * * contract" come within it. See H.R. 1337 and S.R. 1622 to accompany H.R. 8300 (P.L. 591) 83d Cong. 2nd Sess. both at p. 11 (1954), U.S.Code Cong. and Adm.News, 1954, p. 4025. Section 72(e) deals with lump sum payments by the insurer under a contract in full discharge of all contractual obligations. See 1 Mertens Law of Federal Income Taxation, Section 6A.07, p. 22.

The decision of the Tax Court will be affirmed.