Edwin A. GALLUN and Jane W. Gallun (formerly husband and wife), Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14332.

United States Court of Appeals Seventh Circuit.

Feb. 13, 1964.

Richard S. Gibbs, Wayne J. Roper, Milwaukee, Wis., for petitioners. Gibbs, Roper & Fifield, Milwaukee, Wis., of counsel.

Louis F. Oberdorfer, Asst. Atty. Gen., Tax Division, Martin B. Cowan, Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This petition for review of the decision of the Tax Court involves a deficiency of federal income taxes of petitioners, Edwin A. and Jane W. Gallun, asserted by the Commissioner of Internal Revenue for the year 1956 in the amount of $19,827.19.

In their joint tax return for the year 1956 petitioners reported income in the amount of $38,200.45 from the sale of four insurance policies on the life of Edwin A. Gallun and computed the tax on their profit at capital gains rates. The Commissioner determined that the profits received on the sales of the policies were taxable as ordinary income and thereupon asserted the deficiency. The Tax Court upheld the Commissioner's determination.

Between 1929 and 1939 taxpayer Edwin A. Gallun purchased the four insurance policies. Their total face amount was $250,000. These policies were fully paid for by January, 1948, and cost taxpayer a net total of $121,648.36. In the month of May, 1956 taxpayer transferred all of his interest in the four policies to A. F. Gallun & Sons Corporation for the full amount of the cash surrender value of the policies ($159,848.81), thereby realizing a gain of $38,200.45. At the time of the transfer, taxpayer was the president and principal executive officer of the corporation and owned approximately 37 per cent of the outstanding shares. Annual dividends had been previously paid on the policies at yearly intervals beginning two years after the dates of issuance. At the time of the sale of the policies there were no accumulated dividends.

In its opinion the Tax Court said:

"If he [taxpayer] had exercised his right to surrender these policies to the insurance companies, the increments would certainly have been taxable as ordinary income under section 72(e) (1).[1] In the light of this provision it is evident that Congress did not intend to permit, even

---

1. Int.Rev.Code of 1954, § 72(e) (1) provides in part:

§ 72. Annuities; Certain proceeds of endowment and life insurance contracts.
* * *
"(e) Amounts not received as annuities.—
(1) General Rule.—If any amount is received under an annuity, endowment, or life insurance contract, if such amount is not received as an annuity, and if no other provision of this subtitle applies, then such amount—

"(A) if received on or after the annuity starting date, shall be included in gross income; or
"(B) if subparagraph (A) does not apply, shall be included in gross income, but only to the extent that it * * * exceeds the aggregate premiums or other consideration paid.
"For purposes of this section, any amount received which is in the nature of a dividend or similar distribution shall be treated as an amount not received as an annuity."

through the medium of a bona fide sale, the conversion of what is the equivalent of ordinary income into a capital gain. Furthermore, the reserve established for the cash surrender value of each policy was increased each year by an amount represented by the sum of the net annual premium less assumed administrative expenses, plus interest computed at 3 or 3½ percent. Each year the cash surrender value was increased by a specified amount after deducting assumed mortality costs. Thus the increments realized upon the assignments were *primarily* attributable to accumulated interest, taxable to petitioners as ordinary income upon receipt under section 61 (a) (4).[2] We therefore hold that the entire gain realized on the assignments was ordinary income."

■ Taxpayer contends that when he transferred the insurance policies he sold a capital asset and, therefore, is entitled to report the profits realized from the transaction as a capital gain under sections 1221 and 1222 of the Internal Revenue Code of 1954. We disagree. We think the Tax Court was correct in holding that the profits realized by taxpayer in the sale of the policies should be treated as ordinary income under section 61 of the Code.

The question presented has been considered by other courts. Uniformly, they have held that the assignment of income doctrine developed in Commissioner v. P. G. Lake, Inc., 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743 (1958), should be applied and that the profits realized from the sale of the cash surrender value of an annuity or life insurance contract should be treated as ordinary income rather than capital gain. These cases are: First Nat'l Bank of Kansas City v. Commissioner, 309 F.2d 587 (8th Cir. 1962); Roff v. Commission-er, 304 F.2d 450 (3d Cir. 1962); Commissioner v. Phillips, 275 F.2d 33 (4th Cir. 1960); Arnfeld v. United States, 163 F.Supp. 865, 143 Ct.Cl. 277 (1958).

Taxpayer contends that these cases are distinguishable from the present situation. He argues that ordinary life insurance policies differ from annuity and endowment policies in that the former mature only on the death of the insured and any increments are not taxable to the beneficiary, whereas the proceeds of the latter are taxable upon receipt at maturity. None of the foregoing cases, however, turned on this point. Moreover, we fail to see that this difference has any bearing upon the assignment of income doctrine which underlies all these cases.

Although the Tax Court found that the sale in this case was a transfer for value and there was no hint of sham, this aspect is not material. Commissioner v. Phillips, supra.

■ Alternatively, taxpayer contends that if the gain is taxable as ordinary income, he is entitled under section 72(e) (3) of the Internal Revenue Code of 1954 to spread the income over a three-year period.

Section 72(e) is not applicable, as the Tax Court ruled, because that section is restricted to amounts "received under an annuity, endowment, or life insurance" contract. The amounts obtained by taxpayer were not received under a life insurance contract, that is, upon surrender of the policy to the insurer, but as a result of the sale of his rights under the policy to a third party. Therefore, the consideration, to the extent it represents ordinary income, is includable in taxpayer's gross income, not under section 72(e) but under section 61(a). Roff v. Commissioner, supra.

The judgment of the Tax Court is affirmed.

2. Int.Rev.Code of 1954, § 61(a) (4) provides:
   "§ 61. Gross income defined
   "(a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: * * *
   "(4) Interest;"