S. M. FRIEDMAN and Esther G. Friedman, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15979.

United States Court of Appeals Sixth Circuit.

June 12, 1965.

Philip J. Wolf, Cleveland, Ohio (Jerry M. Hamovit, Cleveland, Ohio, on the brief), for petitioners.

Jonathan S. Cohen, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before WEICK, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

WEICK, Chief Judge.

S. M. Friedman was the owner of a twenty-year endowment policy in the face amount of $100,000, issued to him by Mutual Benefit Life Insurance Company on October 28, 1938.[1] His adjusted basis therefor at the times pertinent here was $60,000.

In 1957 and 1958 Friedman arranged with the Insurance Company to divide this large policy into five separate smaller policies totaling $100,000 and containing substantially the same provisions as the original single policy, except for the maturity values. Friedman then sold three of the policies to different charitable organizations for his cost basis, payable in cash, and made a gift to each of them for the excess value of the policies over his cost. The transactions were completed by transfer of the policies to the charities just sixteen days before the policies matured. The charities collected the proceeds of the insurance policies in the year the gifts were made.[2]

In his 1958 income tax return Friedman claimed deductions for his charitable contributions, but did not include as income the difference between his cost basis and the maturity value which was collected by the charities.

The Commissioner of Internal Revenue did not question the deductions for charitable contributions, but determined a deficiency for failure to include in his income the increased value of the policies over his cost.

The Tax Court of the United States sustained the Commissioner in an opinion reported in 41 T.C. No. 43. The case is now before us for review of the Tax Court's decision.

The endowment policy is a form of investment. The reserve of the policy is calculated on the basis of the American Experience Mortality Tables with interest at three per cent yearly and according to the attained age of the insured. The cash surrender value of a policy is its reserve less a surrender charge. There was no surrender charge in the present case since the policy had been in force for more than three years.

At the time the policies were transferred the cash surrender value was about equal to the face amount of the policies. The increased value of the

1. Esther G. Friedman, wife of S. M. Friedman, is a party to this proceeding because of the fact that she filed a joint income tax return with her husband.

2. One of the policies was transferred in 1957 and the charity did not collect the proceeds until 1958. However it is not involved in this proceeding.

policies was due to the additions of annual interest to the reserve. If Friedman had collected the policies at maturity and then made his contributions to charity, he would have been entitled to his charitable deductions but obligated to pay tax on the income realized, which would have been the difference between his cost basis and the amount received from the policies.

Friedman contends that the policies had merely appreciated in value and that the gift of appreciated property did not result in the realization by him of income notwithstanding the fact that he may have been entitled to a deduction for a charitable contribution which includes the amount of appreciation. He treats the transaction no differently than if he had donated two acres of land which had appreciated in value between the date of acquisition in 1938 and their transfer to charities in 1958.

Friedman relies on rulings and cases involving the transfer of appreciated property. Rev.Rul. 55–138, 1955–1 Cum. Bull. 223; Commissioner of Internal Revenue v. South Lake Farms, Inc., 324 F.2d 837 (C.A. 9, 1963) (contribution of growing crops); Campbell v. Prothro, 209 F.2d 331 (C.A. 5, 1954) (cattle); White v. Brodrick, 104 F.Supp. 213 (D. Kans. 1952) appeal dismissed 198 F.2d 751 (C.A. 10, 1952) (contribution of wheat); Elsie SoRelle, 22 T.C. 459 (1954) (wheat).

We do not consider the case of a maturing endowment policy similar to property that has merely increased in value. The endowment policy has annual interest additions to the reserve which are eventually paid to the insured unless he dies and they will escape taxation if he is permitted to dispose of the policy on the eve of its maturity. None of the cases relied on by Friedman go so far as to hold that one may assign to a third person income about to be received and thereby avoid taxation. In the present case not only was taxation of income avoided, but tax benefits by way of deductions were derived from the transfers of the policies to charities.

The assignment of income as a gift results in the realization of income. Helvering v. Horst, 311 U.S. 112, 61 S. Ct. 144, 85 L.Ed. 75 (1940). This is also true of a transfer of income by means of a sale. Commissioner of Internal Revenue v. P. G. Lake, Inc., 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743 (1958).

In Austin v. Commissioner, 161 F.2d 666 (C.A. 6, 1947) cert. denied 332 U.S. 767, 68 S.Ct. 75, 92 L.Ed. 352, Judge Martin, who wrote the opinion of the Court, stated:

"It is well settled that the courts are not so much concerned with the refinements of title as with the actual command over the income which is taxed and the actual benefit for which the tax is paid. See Harrison v. Schaffner (and cases cited at pages 581, 582), 312 U.S. 579, 61 S. Ct. 759, 85 L.Ed. 1055, in which the Supreme Court stated (p. 580) that the decision in Helvering v. Horst, supra, and in Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, rested on the principle that 'the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income "derived from any source whatever" '." Id. at 668.

He concluded as follows:

"In conclusion, it may be well to refer again to Harrison v. Schaffner, 312 U.S. 579, 582, 61 S.Ct. 759, 761, 85 L.Ed. 1055, wherein the Supreme Court said, with reference to Corliss v. Bowers, supra, Lucas v. Earl, supra, Helvering v. Horst, supra, Helvering v. Eubank, supra, and Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, that 'in each of those cases it was held that one vested with the right to receive income did not escape the tax by any kind of anticipatory arrangement, however skillfully devised, by which he procures payment of it to

another, since, by the exercise of his power to command the income, he enjoys the benefit of the income on which the tax is laid.' Cf. Doyle v. Commissioner of Internal Revenue, 4 Cir., 147 F.2d 769, 771, 772." Id. at 669.

See also Gallun v. Commissioner, 327 F.2d 809 (C.A. 7, 1964); Commissioner of Internal Revenue v. Phillips, 275 F.2d 33 (C.A. 4, 1960).

██ We conclude that taxpayer derived economic benefit by his control over and disposition of his insurance policies, which in our opinion resulted in the realization of taxable income.

Affirmed.