Edward A. JACOBS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 5454.

United States District Court
S. D. Ohio, W. D.

Sept. 14, 1966.

George E. Fee, Cincinnati, Ohio, for plaintiff.

Joseph P. Kinneary, U. S. Atty., Columbus, Ohio, and Thomas A. Luken, First Asst. U. S. Atty., Cincinnati, Ohio, for defendant.

### MEMORANDUM OPINION

JOHN W. PECK, District Judge.

In this action the plaintiff (hereinafter usually "taxpayer") seeks to recover deficiency assessments paid by him as income tax for the calendar years 1959 and

1960. Jurisdiction under Internal Revenue Code, Sections 6532, 7422(a), 28 U.S.C., Section 1346(a) is conceded.

The extensive and helpful stipulations agreed to by counsel establish the factual pattern. Taxpayer, his relatives, and one of his employees owned the Triangle Paper Bag Manufacturing Company (hereinafter "Triangle") a Kentucky corporation. In 1959 Triangle sold its assets and was liquidated pursuant to Section 337 of the Internal Revenue Code of 1954. Its shareholders adopted the plan of liquidation on March 3rd of that year. In that month the sale of assets was approved by the shareholders and the contract of sale was made. On April 1st the company filed its notice of intent to liquidate with the Internal Revenue Service and on April 29th it filed its statement of intent to dissolve with the Secretary of State of Kentucky. On May 15th the Jacobs Family Foundation was incorporated as a charitable, non-profit corporation, and during the period from May 28th to June 17th the transfer of 90 shares of Triangle common stock from the taxpayer to the Foundation was accomplished. As will hereinafter appear in greater detail, during the period September 24th–28th, 1959, liquidating dividends on Triangle common were declared and paid, and such liquidating dividends in the amount of $100,169.58 were paid to the Foundation in that year.

That sum was claimed as a deduction by taxpayer on his 1959 Federal Income Tax return, on the basis of its status as a certified exempt organization under the Internal Revenue Code. The first liquidating dividend on the common stock, amounting to $800.00 per share, was declared September 24th and paid October 10, 1959. A further liquidating dividend was paid October 14th in the sum of $240.00 per share and the final liquidating dividend was paid December 28, 1959. The Foundation was paid all of the liquidating dividends on the ninety shares of common stock given to it by taxpayer, and he received no distribution on account of those shares. The deficiency assessment forming the basis of this action resulted from the addition by the Director of Internal Revenue on audit of the difference between the cost basis to taxpayer of the ninety shares and the amount received on those shares by the Foundation in the liquidating proceedings. The single issue before the Court is based on the facts hereinabove recited, and it is here noted that the entry hereinafter directed to be presented may contain a provision for judgment for the plaintiff on the second issue under the pleadings in accordance with the stipulations of the parties.

The single issue presented for present disposition is fairly presented by the defendant as follows: May a taxpayer exclude from his income corporate liquidation dividends where he donates corporate stock to a charity before actual payment of the proceeds is made, but after the corporation has sold its assets and after the shareholders have fully adopted a plan of complete corporate liquidation?

Perhaps superfluously the pertinent portions of the statutes involved are here set forth:

Internal Revenue Code of 1954:
"SEC. 61. GROSS INCOME DEFINED.

"(a) *General Definition.* Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, * * *."
\* \* \* \* \* \*
(26 U.S.C. 1958 ed., Sec. 61)

"SEC. 331. GAIN OR LOSS TO SHAREHOLDERS IN CORPORATE LIQUIDATIONS.

"(a) *General Rule.*—

"(1) *Complete liquidations.* Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock.

"(2) *Partial liquidations.* Amounts

distributed in partial liquidation of a corporation (as defined in section 346) shall be treated as in part or full payment in exchange for the stock."

\* \* \* \* \* \*

(26 U.S.C.1958 ed., Sec. 331)

"SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS.

"(a) *General Rule.*—If—

"(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

"(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

\* \* \* \* \* \*

(26. U.S.C.1958 ed., Sec. 337)

The defendant argues that the donation constituted an assignment of taxpayer's right to receive income and therefore he must be taxed on such income as was received by his donee pursuant to the assignment. In spite of the contentions of both parties, it is here concluded that no controlling case has been presented by either, and independent research has discovered no such precedent. One case primarily relied upon by the defendant is Friedman v. Commissioner, 346 F.2d 506 (6th Cir. 1965). In that case, taxpayer made a donation of insurance policies which had increased in value due to the additions of annual interest to the reserves, and it was determined that he could not avoid the taxation of income with an accompanying benefit of deduction. The defendant quotes as applicable to the present situation the comment of the Court in *Friedman* that "None of the cases relied on by the taxpayer go so far

as to hold that one may assign to a third person income about to be received and thereby avoid taxation." However, in *Friedman* the situation urged by defendant as being here present unquestionably existed; the donor's entitlement in the immediate future to the subject of the gift was absolute and indefeasible. That is not here true. In spite of the arguments concerning the unlikelihood of a repudiation of the dissolution proceedings prior to their finality, the fact remains that such abandonment was entirely possible. It has never been held that a distinction be made in this regard between closely held corporate entities and those with broadly distributed shares, and no such distinction will be here made. It is specifically noted that Section 337 of the Internal Revenue Code makes no such differentiation, and if it is to be established it should be legislatively, not judicially, accomplished.

As has been earlier noted, no case has been pointed out or discovered which is directly controlling, and the distinction between the present situation and those in the cases cited by the defendant, other than *Friedman*, are so readily apparent that discussion of them is not warranted. This observation has equal application to Granite Trust Co. v. U. S., 238 F.2d 670 (1st Cir. 1956) and Cook v. Commissioner, 5 T.C. 908 (1945), claimed by the plaintiff and defendant respectively to be most closely in point.

It is here determined that taxpayer made a gift of 90 shares of Triangle to an exempt charitable organization rather than an assignment of a right to liquidation dividends and is therefore entitled to judgment. This Memorandum is filed as the Court's holding on the facts and law, and constitutes its findings of fact and conclusions of law. Rule 52(a), Federal Rules of Civil Procedure.

An entry in accordance herewith may be presented.