Ben F. PARMER and Mildred Helen Parmer, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 72–1343.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1972.

Rehearing Denied Nov. 20, 1972.

Thornton H. Thomas, Jr., of Thomas & Thomas, Burlington, Colo. (Richard D. Thomas, of Thomas & Thomas, Burlington, Colo., on the brief), for appellants.

Mary J. McGinn, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., and Meyer Rothwacks and Richard W. Perkins, Attys., Tax Div., Dept. of Justice, on the brief), for appellee.

Before PHILLIPS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from the Tax Court involving the issue of whether the monetary value of crop shares which the taxpayer and his wife, who is also an appellant, received as rents under leases of their farmland and which they donated to a church, which is referred to in the case as Limon Bible, was includable in their gross income for the year in which the crop shares were donated and sold. Limon Bible, the donee, reduced the warehouse receipts to cash, and the taxpayers took the position that this was not includable in their gross income for the year in which the crop shares were donated and sold.

The appellant, Ben F. Parmer, has been engaged in farming since the 1930's. He owns about 8,000 acres of land near Burlington, Colorado. He personally farms about 1,200 acres of it and uses about 1,000 acres for livestock growing. The rest of the land is operated by tenant farmers under lease contracts providing that the tenants operate the farmland and receive in return a percentage of the crop. Under some of the leases appellant bears a percentage of the expenses. Evidence shows that the appellant confers on occasion with the operators of the farms and requires them to comply with the federal commodity regulations. He also places limitations on their use of the land for pasture.

Customarily, when the grain is grown by the tenant it is either hauled to the taxpayer's granary or to a warehouse for storage. When it is taken to the warehouse it is weighed and scale tickets are furnished in the names of the tenant and the appellant. Either the tenant or appellant has the power to exchange the scale ticket for a warehouse receipt to himself or to a third person. In turn, the holder of the receipt may cash it for the current price of grain less storage charges.

The gift in question was made to the Limon Bible Chapel Association, Inc., here called Limon Bible. Various warehouse receipts which had been received from tenants and which represented rental payments were donated and assigned to Limon Bible. The latter negotiated these and obtained cash. The sums realized aggregated $13,338.51. On his 1968 return appellant claimed a deduction in this amount as a charitable contribution. At the same time, he did not include in his gross income this sum as crop rental payments. The Commissioner determined that this amount should have been included in his income, and based on this conclusion issued a deficiency notice. Thereupon, taxpayer petitioned the Tax Court for a redetermination. The Tax Court upheld the Commissioner and did so on the basis of its finding that the grain represented by the warehouse receipts did not represent products of appellant's farming, but rather was clearly identifiable as crop rental. The court concluded that the subsequent transfer to Limon Bible did not alter the fact that appellant received the rental income.

We affirm the decision of the Tax Court.

■ The pertinent treasury regulation § 1.61(a)(5), issued pursuant to the Internal Revenue Code, provides that crop shares are to be included in gross income as of the year in which the crop shares are reduced to money or the equivalent of money. This applies regardless of whether the farmer uses the cash or accrual method. Appellant relies on the exception to the principle enunci-

ated in this regulation to the effect that crops raised by a farmer which are donated in specie to charity are not subject to tax. This is based on a ruling of the Internal Revenue Service which is said to derive from court decisions such as White v. Brodrick, 104 F.Supp. 213 (D.Kan.1952). The holding of this case is that crops raised by a farmer are income-producing property rather than income itself. The gift of such property does not constitute an event in which income is realized.

The gift of the property which has been received as *rental* prior to a realization of income is, however, not within the scope of the mentioned ruling because the farmer has in the rental situation received the crops in kind for the use of his land and thus they have the character of rental income. This was the holding of the Fifth Circuit in a well reasoned opinion in Tatum v. Commissioner, 400 F.2d 242 (5th Cir. 1968).

In *Tatum*, the facts were virtually identical with those presented at bar. The opinion points up the fact that the crucial issue is whether the taxpayer has produced the crop as a farmer or has realized it as rent. The Court said:

> The question has both factual and legal aspects. If petitioners in fact are farmers they are entitled to be treated as any other farmer and need not include the value of the crop shares in gross income. A factual conclusion that petitioners are farmers would end the matter and would

pretermit the legal question whether crop shares are income assets or appreciated property. But if it is determined as a matter of fact that petitioners are not farmers but landlords, there remains the question whether the Commissioner correctly distinguished between crops in the hands of a farmer and crop shares in the hands of a landlord.

400 F.2d at 245–246.

The facts, as in our case, were undisputed that the taxpayers were landlords rather than farmers. Proceeding on that premise, the Court concluded that crop shares represent payment for use of the land and are no different than money.[1]

■ This is then rental and is governed by the principle set forth in Helvering v. Horst, 311 U.S. 112, 115, 61 S. Ct. 144, 85 L.Ed. 75 (1940), which holds generally that where property which is the product of the labor of the donor is assigned, income is realized when the property is sold and is includable in the gross income of the donor.

■ In the case at bar we do not have a situation in which the appellant as a farmer donated grain which he had grown. The instant grain is clearly identified as rental unless it is outside the scope of the mentioned ruling which allows crops which have been grown by a farmer to be excluded.

■ We see no merit in the further contention of appellant that the distinc-

---

1. The language contained in the opinion which explains the distinction follows:

An operating farmer who donates crops to a third party prior to a taxable event, and prior to the point at which he must recognize income, is not required to include the value of the crops in gross income. Rev.Rule 55–138, supra; Rev.Rul. 55–531, supra. The farmer has done nothing more than assign to another a property asset which has appreciated in value. There has been no taxable event. Neither the harvesting of the crop nor the donative transfer is a taxable event. E. g., Campbell v. Prothro, [(5 Cir. 1954) 209

F.2d 331] supra. Thus far Congress has not seen fit to tax unrealized appreciation in property value.

The share-crop landlord, on the other hand, enters an agreement with his tenant whereby the tenant is given the use of the land in return for a share of the crops produced. When the crops are harvested and delivered the landlord has been paid in kind for the use of his land. Crop shares representing payment by the tenant for the use of the land are rental income assets no less than money paid for the same purpose. 400 F.2d at 246–247.

tion here applied deprives him of his property contrary to the Fifth Amendment to the Constitution of the United States.

The decision of the Tax Court is in our view correct and it is therefore affirmed.